Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/17/2026 08:13 AM CDT

- 832 -

Nebraska Supreme Court Advance Sheets
321 Nebraska Reports
PLATTSMOUTH BOAT CLUB v. CITY OF PLATTSMOUTH
Cite as 321 Neb. 832

Plattsmouth Boat Club, a Nebraska nonprofit
corporation, appellant, v. City of
Plattsmouth, Nebraska, appellee.

___ N.W.3d ___

Filed July 17, 2026.    No. S-25-674.

1. **Mandamus.** Whether to grant a writ of mandamus is within a court's discretion.
2. **Actions: Mandamus.** An action for a writ of mandamus is a law action.
3. **Summary Judgment: Appeal and Error.** An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.
4. **Summary Judgment.** Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.
5. **Summary Judgment: Proof.** The party moving for summary judgment must make a prima facie case by producing enough evidence to show the movant would be entitled to judgment if the evidence were uncontroverted at trial. If the burden of proof at trial would be on the nonmoving party, then the party moving for summary judgment may satisfy its prima facie burden either by citing to materials in the record that affirmatively negate an essential element of the nonmoving party's claim or by citing to materials in the record demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. If the moving party makes a prima facie case, the burden shifts to the nonmovant to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law.

- 833 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
321 NEBRASKA REPORTS
PLATTSMOUTH BOAT CLUB v. CITY OF PLATTSMOUTH
Cite as 321 Neb. 832

6. **Summary Judgment: Appeal and Error.** An appellate court may affirm summary judgment on any ground available to the trial court, even if it is not the same reasoning the trial court relied upon.

7. **Municipal Corporations: Highways.** Repairing and maintaining a public road places a significant burden on a public body, and a mere offer of a road to the public or use of the road by the public does not suffice to impose this burden; authorities must expressly or impliedly choose to accept a dedication to take on the burden of maintaining the road.

Appeal from the District Court for Cass County: MICHAEL A. SMITH, Judge. Affirmed.

Sydney M. Grad and Edward D. Hotz, of Pansing Hogan Ernst & Buser, L.L.P., for appellant.

Damien J. Wright, of Welch Law Firm, P.C., for appellee.

FUNKE, C.J., CASSEL, STACY, PAPIK, FREUDENBERG, BERGEVIN, and VAUGHN, JJ.

VAUGHN, J.

## I. INTRODUCTION

Plattsmouth Boat Club (PBC) appeals the order of the district court for Cass County granting summary judgment in favor of the City of Plattsmouth, Nebraska (City), on PBC's action seeking a writ of mandamus to compel the City to repair the access road to PBC's property. For the following reasons, we affirm.

## II. BACKGROUND

The City is a first-class city located in Cass County, Nebraska. PBC is a nonprofit corporation that operates a private, member only, club for boating and recreation on its property (PBC Parcel) in Cass County, Nebraska.

The PBC Parcel is bounded on the east by the Missouri River, on the south by property owned by the City, and on the north and west by a state wildlife management area. The

- 834 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
321 NEBRASKA REPORTS
PLATTSMOUTH BOAT CLUB v. CITY OF PLATTSMOUTH
Cite as 321 Neb. 832

PBC Parcel and the City's property form a west bank along the Missouri River. The City's property is used as a public boat ramp and includes a ramp and gravel parking area.

### 1. Loss of Road Access to PBC Parcel

Prior to a flood in 2019, a road (Dock Road) stretched east from Main Street, provided access to the public boat ramp and parking area on the City's property, and extended beyond the City's boat ramp and parking northward to a gate that roughly demarcated the property line between the City's property and the PBC Parcel. This portion of Dock Road was the only road access to the PBC Parcel. In 2019, the Missouri River flooded and a portion of Dock Road was washed out. As a result of the flooding, there exists a large trench between the City's property and the PBC Parcel.

The City repaired portions of Dock Road to restore access to the public boat ramp, but not in a way that restored Dock Road access to the PBC Parcel. As a result, PBC and its members cannot access the PBC Parcel by any existing road but can access the PBC Parcel by water, utilizing the Missouri River.

### 2. History of Dock Road

Prior to the 2019 flooding, the City provided at least basic maintenance, such as grading, snow removal, and tree removal, on Dock Road for approximately 30 years. The maintenance performed by the City on Dock Road included the portion of Dock Road extending to the PBC Parcel's gate.

In 2004, the City signed an "Interlocal Governmental Agreement" (Interlocal Agreement) with Cass County, in which the City agreed that "East Main Street will be handled during the term of this agreement as a city street for the entire length from the city limits running east to [PBC]." The Interlocal Agreement terminated in 2016, when the City annexed the portion of land up to the south edge of the PBC Parcel, which includes Dock Road.

- 835 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
321 NEBRASKA REPORTS
PLATTSMOUTH BOAT CLUB v. CITY OF PLATTSMOUTH
Cite as 321 Neb. 832

The City's administrator could locate no record showing that any portion of Dock Road used to access the City's boat ramp or the extension of Dock Road past the City's boat ramp area to the PBC Parcel gate was ever "dedicated or laid out as a public street." In addition, there was no record that the City ever authorized use of the extension of Dock Road past the City's boat ramp area to the PBC Parcel gate for purposes of a road to access private property.

### 3. DISTRICT COURT PROCEEDINGS

After the City failed to restore Dock Road access to the PBC Parcel, PBC filed this action seeking a writ of mandamus compelling the City to repair Dock Road up to the PBC Parcel, which PBC argues is a ministerial duty under Neb. Rev. Stat. § 16-610 (Reissue 2022). After hearing competing motions for summary judgment, the district court granted summary judgment in favor of the City.

Specifically, the district court held that the relevant undisputed facts demonstrated that no ministerial duty existed and that the restoration of Dock Road was a discretionary matter falling within Neb. Rev. Stat. § 16-609 (Reissue 2022). The district court further determined that § 16-609 gave the City the power to perform this type of work in any manner it deemed proper and that there was no evidence the City had abused its discretion. Finding PBC could not demonstrate a clear right to the requested writ of mandamus, the district court granted the City's motion for summary judgment, dismissing the case in its entirety, and denied PBC's motion for summary judgment. PBC appeals.

### III. ASSIGNMENTS OF ERROR

PBC assigns, combined and restated, that the district court erred (1) in granting the City's motion for summary judgment interpreting § 16-610 as not imposing a ministerial duty on the City to keep open Dock Road and (2) in determining § 16-609 was applicable to this action.

- 836 -

Nebraska Supreme Court Advance Sheets
321 Nebraska Reports
PLATTSMOUTH BOAT CLUB v. CITY OF PLATTSMOUTH
Cite as 321 Neb. 832

## IV. STANDARD OF REVIEW

[1,2] Whether to grant a writ of mandamus is within a court's discretion. *Burbank v. Evnen, ante* p. 65, 32 N.W.3d 612, 620 (2026). An action for a writ of mandamus is a law action. *Id*.

[3] An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Czech v. Allen*, 318 Neb. 904, 21 N.W.3d 1 (2025)

## V. ANALYSIS

### 1. General Summary Judgment Principles

[4] Because this appeal involves rulings on summary judgment, we begin by recalling the standards that govern our de novo review. *Ronnfeldt Farms v. Arp*, 317 Neb. 690, 11 N.W.3d 371 (2024). Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id*.

[5] The law provides a burden-shifting framework. The party moving for summary judgment must make a prima facie case by producing enough evidence to show the movant would be entitled to judgment if the evidence were uncontroverted at trial. *Id*. If the burden of proof at trial would be on the nonmoving party, then the party moving for summary judgment may satisfy its prima facie burden either by citing to materials in the record that affirmatively negate an essential element of the nonmoving party's claim or by citing to materials in the record demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *Id*. If the moving party makes a prima facie case, the burden shifts to the nonmovant

- 837 -

Nebraska Supreme Court Advance Sheets
321 Nebraska Reports
PLATTSMOUTH BOAT CLUB v. CITY OF PLATTSMOUTH
Cite as 321 Neb. 832

to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. *Id*.

[6] An appellate court may affirm summary judgment on any ground available to the trial court, even if it is not the same reasoning the trial court relied upon. *Id*.

## 2. Writ of Mandamus Compelling City to Restore Dock Road Access

PBC's complaint seeks a writ of mandamus based on § 16-610, which provides that the mayor and city council "shall have the care, supervision and control of all public highways, bridges, streets, alleys, public squares and commons, and shall cause the same to be kept open and in repair and free from nuisances." PBC argues that by virtue of the word "shall" in § 16-610, the statute imposes a mandatory or ministerial duty upon the City to keep Dock Road open, in repair, and free from nuisances. By its plain language, § 16-610 is applicable only if the portion of Dock Road that PBC seeks to have repaired or restored is a public street.

PBC argues that Dock Road was a public street by virtue of the Interlocal Agreement and the subsequent annexation. PBC argues further that even if Dock Road was not formally designated as a public street, it has been established as a public street through prescription because the general public have continuously utilized Dock Road for the past 30 years. We disagree.

### (a) Formal Dedication as Public Street

The Interlocal Agreement was an agreement between Cass County and the City for the purpose of providing "an economical and feasible method of financing, reconstructing, resurfacing and maintaining certain segments of highways, streets and roads common to the City and the County." As explained above, the Interlocal Agreement required the entirety of Dock Road, including the portion extending to the PBC Parcel, to be "handled" as a City street until it was annexed by the City in 2016. The City's ordinance No. 1911A,

- 838 -

Nebraska Supreme Court Advance Sheets
321 Nebraska Reports
PLATTSMOUTH BOAT CLUB v. CITY OF PLATTSMOUTH
Cite as 321 Neb. 832

which provided for the annexation of the property, states that "the City shall extend all City services in accordance with the Annexation Plan adopted by the City Counsel in Resolution No 16-008A."

Neither the Interlocal Agreement nor ordinance No. 1911A dedicated or established the portion of Dock Road extending past the public boat ramp and up to the PBC Parcel as a public street. Thus, PBC has presented no evidence that the portion of Dock Road extending past the public boat ramp area to the PBC Parcel was ever formally designated or dedicated as a public street. However, we must still consider PBC's argument that the entirety of Dock Road was a public street by prescription or implied dedication.

(b) Implied Dedication as Public Street

PBC argues that Dock Road has been established as a public street through prescription. It contends that the general public has continuously utilized Dock Road for the past 30 years.

PBC cites to *Lancaster County, ex rel. Rosewell, v. Graham*, 120 Neb. 785, 235 N.W. 338 (1931). In *Lancaster County, ex rel. Rosewell*, the county and individual plaintiffs sought to enjoin a private landowner from closing a highway or interfering with its use. This court held that a highway *may* be established by prescription when used adversely by the public continuously for a period of 10 years or more. See *id*.

[7] This principle does not apply here. Unlike in *Lancaster County, ex rel. Rosewell*, PBC, a private landowner, seeks to force a duty upon a city to repair or restore a street. Repairing and maintaining a public road places a significant burden on a public body, and a mere offer of a road to the public or use of the road by the public does not suffice to impose this burden; authorities must expressly or impliedly choose to accept a dedication to take on the burden of maintaining the road. See *Sumter County v. Morris*, 318 Ga. 1, 896 S.E.2d 571 (2023).

Additionally, this court does not need to consider whether the City impliedly chose to accept a dedication because PBC

- 839 -

Nebraska Supreme Court Advance Sheets
321 Nebraska Reports
PLATTSMOUTH BOAT CLUB v. CITY OF PLATTSMOUTH
Cite as 321 Neb. 832

had failed to demonstrate that the public usage applied to the portion of Dock Road it is requesting be repaired. PBC alleges that Dock Road was used by the public until it flooded in 2019. However, the evidence cited by PBC in support of this proposition is not supportive of the assertion, at least to the extent it relates to the entirety of Dock Road. Preflood, the portion of Dock Road extending past the public boat ramp and parking area led directly onto the PBC Parcel, where a PBC gate denoting the approximate property line was located.

This court was called upon to decide whether a similar road was a public highway by implied dedication in *City of McCook v. Red Willow County*, 133 Neb. 380, 275 N.W. 396 (1937). In *City of McCook*, the county owned a piece of property it utilized for the county fair. A city street was extended onto the property. *Id*. When the city filed suit to recover pavement assessments levied against the county property, the county opposed the city's classification of the road on the county's property as a "highway" or "public way." See *id*. at 386, 275 N.W. at 400. This court, in *City of McCook*, discussed that

> [i]n 1921 the county constructed a road from the west terminus of O street west to the main gate, a distance of 750 feet. From the time of its construction the road was used by those attending the county fair in going to and in leaving the fair grounds. It was not used otherwise by the public generally. The road to the point of entrance into the fair grounds was open at all times, but the gate was kept locked, except when a fair was in progress. When fairs were to be held the road was maintained by the county and the county fair board so as to make it more available for use for those attending a fair.

133 Neb. at 382, 275 N.W. at 398. This court held that the evidence was insufficient to show such an intent to dedicate the strip of land upon which the road in question was located for the use of the public, or reliance thereon and acceptance by the public, as was necessary to constitute a public highway by dedication. See *City of McCook, supra*.

- 840 -

Nebraska Supreme Court Advance Sheets
321 Nebraska Reports
PLATTSMOUTH BOAT CLUB v. CITY OF PLATTSMOUTH
Cite as 321 Neb. 832

Although portions of Dock Road were likely utilized by the public, including the portions extending to the public boat ramp, PBC has failed to present evidence that the portion of Dock Road extending past the boat ramp and parking area to the PBC Parcel property line was used, over any period of time, by anyone other than members of the private club and its invitees. A member of the public, outside of those traversing on their way to the private PBC Parcel, had no reason to utilize this portion of Dock Road, as it led only to the PBC Parcel. Similar to *City of McCook*, the evidence here shows that the extension of Dock Road past the boat ramp and parking area was used by a certain subsection of the public who utilized it to gain access to the PBC Parcel, which was not generally accessible to all members of the public. Thus, PBC has failed to meet its burden to show that the portion of Dock Road it seeks to have repaired or restored was a public street resulting in a corresponding failure to demonstrate that § 16-610 is applicable. As a result, the district court did not err in granting the City's motion for summary judgment and dismissing PBC's complaint for writ of mandamus.

## VI. CONCLUSION

We have determined on de novo review that the district court's grant of summary judgment dismissing PBC's complaint for writ of mandamus and denial of PBC's motion were not in error. PBC failed to demonstrate that the portion of Dock Road it seeks to have repaired was a public street.

The judgment of the district court is affirmed.

AFFIRMED.